# EXHIBIT 85

## CONSUMER LOAN AND ARBITRATION AGREEMENT

| | |
|---|---|
| **Lender:**<br>**Majestic Lake Financial, Inc.**<br>635 East Hwy 20, K<br>Upper Lake, CA 95485<br><br>Phone Number: 844-427-1395<br>Fax Number: 855-568-5928 | **Consumer:**<br>**SHERRY R BLACKBURN**<br><br>CHESTER, VA 23831<br>Customer ID:<br><br>Loan Type: Installment<br>Loan Number: ▮▮▮▮3962 |

### TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL PAYMENTS |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| **665.0277%** | **$1,575.00** | **$500.00** | **$2,075.00** |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $175.00 | January 27, 2016 |
| 1 | $167.50 | February 11, 2016 |
| 1 | $160.00 | February 26, 2016 |
| 1 | $152.50 | March 11, 2016 |
| 1 | $145.00 | March 25, 2016 |
| 1 | $137.50 | April 11, 2016 |
| 1 | $130.00 | April 27, 2016 |
| 1 | $122.50 | May 11, 2016 |
| 1 | $115.00 | May 27, 2016 |
| 1 | $107.50 | June 10, 2016 |
| 1 | $100.00 | June 27, 2016 |
| 1 | $92.50 | July 11, 2016 |
| 1 | $85.00 | July 27, 2016 |
| 1 | $77.50 | August 11, 2016 |
| 1 | $70.00 | August 26, 2016 |
| 1 | $62.50 | September 9, 2016 |
| 1 | $55.00 | September 27, 2016 |
| 1 | $47.50 | October 11, 2016 |
| 1 | $40.00 | October 27, 2016 |
| 1 | $32.50 | November 10, 2016 |

**Itemization of Amount Financed: $500.00**
**Amount Given to You Directly: $500.00**

NOTICE:   A SHORT TERM LOAN SHOULD BE USED FOR SHORT-TERM FINANCIAL NEEDS ONLY, NOT AS A LONG-TERM FINANCIAL SOLUTION.  CUSTOMERS WITH CREDIT DIFFICULTIES SHOULD SEEK CREDIT COUNSELING OR MEET WITH A NONPROFIT FINANCIAL COUNSELING SERVICE IN THEIR COMMUNITY.

**Agreement Date:** January 7, 2016

In this Agreement, "Company," "We," "Our" and "Us" means Majestic Lake Financial, Inc., an arm of the Habematolel Pomo of Upper Lake Tribe of Indians that is a federally recognized Native American Indian Tribe, and any authorized representative, agent, independent contractor, affiliate or assignee We use in the provision of Your loan. "You" and "Your" means the consumer who signs the Agreement electronically. The term "business day" means any calendar day other than a Saturday, Sunday or a bank or federal holiday.

**PROMISE TO PAY:** You promise to pay to the order of Majestic Lake Financial, Inc., an arm of the Habematolel Pomo of Upper Lake Tribe of Indians, a federally recognized Native American Indian Tribe, or any subsequent holder of this Agreement any and all sums due hereunder. You promise to pay these amounts on the dates listed in the Payment Schedule above. You also promise to pay to Us any other fees provided for under this Agreement.

**SAME DAY FUNDING:** You may have the option to elect a convenience service to have Your loan funded on the same day subject to the terms and conditions in this Agreement. If You elect this convenience service, the charge for same day funding will be $20.00 and you will be required to agree to the terms. Please note that certain conditions may delay or prevent Us from funding Your loan the same day, including but not limited to wire cut off times, bank holiday and weekend schedules, and any processing schedule restrictions that may be imposed by Your individual financial institution.

**DISBURSEMENT DATE:** If Your loan is approved, it will be consummated as of January 7, 2016 (the "Disbursement Date") except as provided herein. If you elect an electronic method to receive the proceeds from the transaction reflected by this Agreement, we will use commercially reasonable efforts to effect a credit entry by depositing such proceeds into the bank account you provide to us (Your "Bank Account") on the next business day; provided, however, should you select the Same Day Funding option, then subject to the terms of this Agreement, we will use commercially reasonable efforts to effect a wire transfer to your account on the same business day. If you elect the Postal Mail or Check via Mail Option, then we will use commercially reasonable efforts to issue a check the next business day but you should allow seven (7) to ten (10) business days for mailing and delivery. Unavoidable delays that occur as a result of bank holidays, the processing schedule of Your individual bank, the untimely receipt of pay stubs, if such pay stubs are required, inadvertent processing errors, "acts of God", and/or "acts of terror" may extend the time for the deposit and may cause a change in the Disbursement Date and Your Annual Percentage Rate ("APR") as disclosed herein. In the event that disbursement is delayed, the Disbursement Date will automatically adjust to the actual date of disbursement.

**WHEN YOU BEGIN PAYING FINANCE CHARGE(S):** You begin to pay Us finance charge(s) for the loan on the Disbursement Date. The first Installment Period on the loan begins on the Disbursement Date and ends on the first Payment Due Date. Thereafter, each Installment Period begins on the first date following the Payment Due Date and ends on the next Payment Due Date. You will be charged finance charge(s) on the entire Installment Period beginning on the first day of the Installment Period. In calculating Your payments, We have assumed You will make each payment on the day and in the amount due. If any payment is received after the Payment Due Date, You may be required to pay any additional finance charge(s) that accrues after such date. If any payment is made before the Payment Due Date, the finance charge(s) are due for the entire Installment Period and no refund shall be made for the finance charge(s) charged for the Installment Period. Time is of the essence, which means that there are no grace periods for when payments must be made. If any payment is due on a day on which Your bank is not open, then such payment shall be due on the next day Your bank is open.

**CALCULATION OF FINANCE CHARGE(S) AND PAYMENTS:** Finance charge(s) are calculated as a percent of the outstanding principal amount and finance charge(s) are earned on the first day of each Installment Period for that period. Each loan installment payment under the Payment Schedule shall consist of: (i) the financial charges assessed for an Installment Period, and (ii) a sum representing 5% of Your initial principal loan amount (the "buy-down").

**PAYMENTS:** You are required to make the payments for each Installment Period on or before the payment due dates in your payment schedule ("Payment Due Dates"). If You would like to repay Your loan according to a payment plan other than as set forth herein and such loan modification option is not available through our web site, You must contact a customer service representative no later than three (3) days prior to Your next Payment Due Date to obtain approval. You will make your payments on or before every Payment Due Date until You have paid the entire principal and accrued finance charge(s) and any other charges as described in this Agreement. If on the final scheduled

Payment Due Date ("Maturity Date"), You still owe amounts under this Agreement, You will pay those amounts in full on that date.

**ELECTRONIC PAYMENT:** If you have elected to pay your payments electronically, then your payment plus any fees due to Us (if applicable) will be debited electronically from Your Bank Account on each Payment Due Date as set forth below (see "ELECTRONIC AUTHORIZATION TO DEBIT BANK ACCOUNT").

**PAYMENT BY CHECK OR MONEY ORDER:** If You have selected the Postal Mail or Check via Mail Option, then you have agreed to repay all amounts due pursuant to this Agreement via money order or check.  Please make Your money order(s) or check(s) payable to Majestic Lake Financial, Inc., and mail them to 635 East Hwy 20, K , Upper Lake, CA 95485 for receipt and processing on or before the Payment Due Dates. All mailed payments must reach this address by 4:00 pm Eastern Time on or before the Payment Due Date.

As an alternative to other forms of payment you may have agreed to, You may pay any payment owing under this Agreement by check or money order.  If you utilize this option, please notify a customer service representative no later than three (3) days prior to Your Payment Due Date.

**CHECKS:** If You provide a check as a payment, You authorize Us either to use information from Your check to make a one-time electronic fund transfer from Your account or to process the payment as a check transaction. When We use information from Your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day that We receive Your payment, and You will not receive Your check back from Your financial institution. For questions, please contact our customer service at 844-427-1395.

**NO CONTINGENCY:** You acknowledge and agree that We cannot make and have not made the Loan contingent upon You obtaining any other product or service from Us or anyone else. You also acknowledge and agree that We have not made this Loan contingent upon You repaying the Loan via ACH debit or other electronic fund transfer.

**PAYMENT APPLICATION:** We will apply Your payments first to any fees due to Us, then to earned but unpaid finance charge(s), and then to principal amounts outstanding.

**SECURITY INTEREST DISCLOSURE:**  If you have selected to pay your loan payment electronically, You acknowledge and agree that we have disclosed to you the existence of a security interest to the extent Your Agreement to have us withdraw money from Your Bank Account is deemed a security interest under applicable law.

**ATTORNEYS' FEES RELATED TO COLLECTION:** You understand that in the event that We are required to employ an attorney at law to collect any amounts due under this Agreement, You will be required to pay the reasonable fees of such attorney to protect Our interest or to take any other action required to collect the amounts due hereunder.

**PREPAYMENT:** You may prepay all or part of the amount You owe Us at any time before the Maturity Date without penalty. If You prepay in full, You must pay the finance charge(s) accrued on Your Loan and all other amounts due up to the date of Your payment. If you wish to prepay Your loan and the payoff method or amount is not available through Our website, then You must contact a customer service representative at: 844-427-1395 to obtain an accurate payoff amount and either provide us with authorization to effect a debit entry to Your bank account for the prepayment, or otherwise advise us of your intended method of prepayment.  If you prepay in part, by paying part of your outstanding principal balance, your additional payment will reduce your outstanding principal balance and consequently reduce your future finance charges, however, the buy-down and the scheduled Payment Due Dates shown on your Payment Schedule will not change until the outstanding principal balance is paid in full.

**AUTHORIZATION TO CREDIT BANK ACCOUNTS:** If you have opted to receive your funds electronically, then You authorize us and our agents to initiate a credit entry to Your Bank Account to disburse the proceeds of this Loan.

**ELECTRONIC AUTHORIZATION TO DEBIT BANK ACCOUNT:** If you have elected to receive your funds electronically, then You will be required to electronically sign a separate Electronic Payment Authorization Agreement in which You will authorize us, and our agents, successors, employees and assigns to withdraw money on each scheduled Payment Due Date shown on your Payment Schedule from the financial accounts you designate in the Authorization Agreement for each payment You owe Us, including any returned payment charges and the total amount You owe if You do not

pay us when You agreed in the Agreement. You acknowledge and agree that such debit entries may be made from your account(s) as an automated clearinghouse entry, by drafting a remotely created check, and/or by another payment method or network such as electronic fund transfer if you provide Us with account access information, such as a debit card, Check card, or other account access device or code.

**TERMINATING ELECTRONIC AUTHORIZATION:** For those customers who electronically sign an Electronic Payment Authorization Agreement pursuant to this Agreement, that authorization will remain in full force and effect until the earlier of the following occurs: (i) You satisfy all of Your payment obligations under this Agreement; or (ii) You tell us or Your bank that We can no longer withdraw funds from Your designated accounts not less than three (3) business days prior to the scheduled Payment Due Date to provide enough time to let the Bank or us stop the money withdrawal or transfer.  If you give Lender oral notification to stop payments, you agree that you must confirm your stop-payment order within 14 days in writing or else the stop payment order is no longer effective. Such notifications should be sent to: Majestic Lake Financial, Inc., 635 East Hwy 20, K , Upper Lake, CA 95485. You understand that revoking your authorization does not relieve you of the responsibility of paying all amounts due in full that are owed under this Agreement.

**NOTICE OF VARYING AMOUNTS:** For those customers who electronically sign an Electronic Payment Authorization Agreement pursuant to this Agreement, please note that the authorization will authorize Us to make withdrawals from your designated accounts in varying amounts; accordingly, you have the right to receive notice of the range of withdrawals that We may make. For purposes of this authorization, the range of withdrawal will be from an amount equal to the amount owing on Your Payment Due Date up to an amount equal to the outstanding balance on Your loan; You acknowledge that the amounts in the authorized range of withdrawal may vary and may be as little as $20 and may be greater than an installment payment or the amount of the loan due to factors such as your payment history, and any late, returned item charges, nonsufficient fund fees or other fees assessed pursuant to and in accordance with this Agreement (the "Range of Withdrawal").  For any withdrawal outside of the Range of Withdrawal, We will send You a notice at least ten (10) days prior to the date of the withdrawal.  You acknowledge and agree that You will only receive notice when a withdrawal exceeds the Range of Withdrawal.

**RETURNED PAYMENT FEE:** If any payment made by You on this Loan is not honored or cannot be processed for any reason, including not enough money in Your Bank Account, You agree to pay Us a fee of $20.00 for that returned payment. You further authorize Us and Our agents to make a one-time withdrawal from your designated account(s) to collect this fee. Your financial institution may also impose a fee if Your designated account(s) does not have sufficient funds to cover any debit processed for payment from such account.

**BANKRUPTCY:**  You certify to Us that You are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code.

**VERIFICATION:** You authorize Us to verify the information You provided to Us in connection with Your Loan application. You give Us consent to obtain information about You from consumer reporting agencies or other sources at any time that You have repayment obligations under this Loan. We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow Us to verify the information You have provided to Us.

**CREDIT REPORTING:** We may report information about Your loan to consumer reporting agencies. Late payments, missed payments, or other reportable events may be reflected on Your credit report and may result in fees and other collection activities.

**RESCISSION:** You have the right to rescind the amount borrowed hereunder without incurring any fee if the amount borrowed, in full, is returned to Us on or before the close of business of the business day following the day on which such sum was delivered to You (the "Rescission Deadline").   To rescind this Agreement, You must inform us in writing, by the Rescission Deadline, by faxing notice to our toll free fax number at 855-568-5928 that You want to cancel this Agreement and that You authorize us to effect a debit entry to Your Bank Account for the principal amount of Your Loan. In the event that We timely receive Your written notice of rescission on or before the Rescission Deadline but before the loan proceeds have been credited to Your Bank Account, We will not effect a debit entry to Your Bank Account and both Our and Your obligations under this Agreement will be rescinded. In the event that We timely receive Your written notice of rescission on or before the Rescission Deadline but after the loan proceeds have been credited to Your Bank Account, We will effect a debit to Your Bank Account for the principal amount of Your Loan.  If

you have selected the Postal Mail or Check via Mail Option, you may rescind by notifying our office and promptly returning the check upon receipt.

**DEFAULT:**  You will be in default under this Agreement if: (a) You provide false or misleading information about Yourself, Your employment, or Your financial condition (including any accounts that you may provide to Us on which the electronic debit or withdrawal is drawn); (b) You fail to make a payment on any Payment Due Date or Your payment is returned to us unpaid for any reason; or (c) any of the following things occur:  appointment of a committee, receiver, or other custodian of any of Your property, or the commencement of a case under the U.S. Federal Bankruptcy Laws by or against You as a debtor.

**CONSEQUENCES OF DEFAULT:**   Upon a default by You under this Agreement, We may, at our sole option, take any one or more of the following actions:

(a)   agree to permit you to correct a payment default by modifying your Loan Schedule and/or payment amounts (a "Cure arrangement"). If We agree to a Cure arrangement and you fail to honor its terms, then we will have the right, at our sole discretion, to modify the Cure arrangement or terminate the Cure arrangement and immediately and without notice declare the entire unpaid principal balance and all accrued unpaid finance charge(s) and fees immediately due under your Loan ("Accelerate your Loan");

(b)   automatically and without further action or notice Accelerate your Loan and require you to immediately pay us all amounts due and owing pursuant to such Acceleration;

(c)   if you have elected to repay your Loan electronically, we may automatically and without further action or notice withdraw from your designated account(s) an amount equal to the amount owing on Your unpaid scheduled payment date up to an amount equal to the amount owed if we have Accelerated your loan; and

(d)   pursue all legally available means to collect what you owe Us.

By electing any one of these options, we do not waive or release our right to subsequently elect and apply any other options to collect the amounts due and owing to Us.

**REMOTELY CREATED CHECK AUTHORIZATION:** You authorize Us and our agents, successors and assigns to automatically and without notice, create and submit remotely created checks, which is a check that does not require your signature, for payment to us in the amount owing and on the date of each payment due under this Agreement. This authorization shall apply to all payments due under this Agreement including any late, returned item charges, nonsufficient fund fees and other fees imposed under this Agreement, any acceleration of amounts owed upon a Default under this Agreement and any other amounts owing to Us as a result of Your Default.

**ERROR RESOLUTION NOTICE:** In the event you have elected an electronic method to receive your funds or pay your loan and (i) you have a question about an electronic transfer or if (ii) you find an error, you must telephone us at 844-427-1395 or write us at Majestic Lake Financial, Inc., 635 East Hwy 20, K , Upper Lake, CA 95485 as soon as you can. We must hear from you no later than 60 days after the FIRST debit or credit that is the basis of the problem or error. (1) Tell us your name and account number (if any); (2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information; and (3) Tell us the dollar amount of the suspected error.  If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days.  We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account. For errors involving new accounts, we may take up to 90 days to investigate your complaint or question. For new accounts, we may take up to 20 business days to credit your account for the amount you think is in error. We will tell you the results within 3 business days after completing our investigation. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation.

**RESOLVING DISPUTES; WAIVER OF JURY TRIAL AND ARBITRATION PROVISION.**

In general, binding arbitration is a process in which persons with a dispute waive their rights to file a lawsuit in a court and waive their rights to have a jury trial. Instead, the parties agree to submit their disputes to a neutral third person (an "arbitrator") for a decision. Arbitration proceedings are private and less formal than court proceeding. Each party to a dispute has an opportunity to present their evidence to the arbitrator regarding the dispute. After considering each party's evidence and arguments, the arbitrator then issues a final and binding decision resolving the dispute. We will follow and you agree to follow Our policy of arbitrating all disputes, including the scope and validity of this Arbitration Provision. As part of agreeing to arbitrate any dispute, You explicitly waive any right You may have to participate in any class action against Us.

**PRESERVATION OF SOVEREIGN IMMUNITY:** This loan and all related documents are being submitted by you to us as an economic arm, instrumentality, and corporation owned by the Tribe. The Tribe is a federally-recognized Tribe and enjoys governmental sovereign immunity. Because we and the Tribe are entitled to sovereign immunity, you will be limited as to what claims, if any, you may be able to assert against the Tribe and Us. Any complaint must be submitted by you or on your behalf to us as described below. It is the express intention of the Tribe and Us operating as an economic arm of the Tribe, to fully preserve, and not waive either in whole or in part, sovereign governmental immunity, and any other rights, titles, privileges, and immunities, to which we and the Tribe are entitled. To protect and preserve the rights of the parties, no person may assume a waiver of sovereign immunity.

**THEREFORE, YOU ACKNOWLEDGE AND AGREE AS FOLLOWS:**

1. For purposes of this Agreement, the words "dispute" and "disputes" are given the broadest possible meaning and include, without limitation, (a) all claims, disputes, or controversies arising from or relating directly or indirectly to the signing of this Arbitration Provision, the validity and scope of this Arbitration Provision and any claim or attempt to set aside this Arbitration Provision; (b) all tribal, federal or state law claims, disputes or controversies, arising from or relating directly or indirectly to this Agreement, the information You gave Us before entering into this Agreement, including the customer information application, and/or any past agreement or agreements between You and Us; (c) all counterclaims, cross-claims and third-party claims; (d) all common law claims, based upon contract, tort, fraud, or other intentional torts; (e) all claims based upon a violation of any tribal, state or federal constitution, statute or regulation; (f) all claims asserted by Us against You, including claims for money damages to collect any sum We claim You owe Us; (g) all claims asserted by You individually against Us and/or any of Our employees, agents, directors, officers, shareholders, governors, managers, members, parent company or affiliated entities (hereinafter collectively referred to as "related third parties"), including claims for money damages and/or equitable or injunctive relief; (h) all claims asserted on Your behalf by another person; (i) all claims asserted by You as a private attorney general, as a representative and member of a class of persons, or in any other representative capacity, against Us and/or related third parties (hereinafter referred to as "Representative Claims"); and/or (j) all claims arising from or relating directly or indirectly to the disclosure by Us or related third parties of any non-public personal information about You.

2. You acknowledge and agree that by entering into this Arbitration Provision:

(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;

(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and

(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.

3. All disputes including any Representative Claims against Us and/or related third parties shall be resolved by binding arbitration only on an individual basis with You. THEREFORE, THE ARBITRATOR SHALL NOT CONDUCT CLASS ARBITRATION; THAT IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION.

4. Any party to a dispute, including related third parties, may send the other party written notice by certified mail return receipt requested of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, You shall have the right to select

any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org or JAMS (1-800-352-5267) http://www.jamsadr.com. The party receiving notice of arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. If You demand arbitration, You must inform Us in Your demand of the arbitration organization You have selected. If related third parties or We demand arbitration, You must notify Us within twenty (20) days in writing by certified mail return receipt requested of Your decision to select an arbitration organization. If You fail to notify Us, then We have the right to select an arbitration organization. The parties to such dispute will be governed by the laws of the Habematolel Pomo of Upper Lake and such rules and procedures used by the applicable arbitration organization applicable to consumer disputes, to the extent those rules and procedures do not contradict the express terms of this Arbitration Provision or the law of the Habematolel Pomo of Upper Lake, including the limitations on the arbitrator below. You may obtain a copy of the rules and procedures by contacting the arbitration organization listed above.

You have the right to request that arbitration take place within thirty (30) miles of Your residence or some other mutually agreed upon location, provided, however, that such election to have binding arbitration occur somewhere other than on Tribal land shall in no way be construed as a waiver of sovereign immunity or allow for the application of any other law other than the laws of the Habematolel Pomo of Upper Lake.

5. Regardless of who demands arbitration, We will advance Your portion of the arbitration expenses, including the filing, administrative, hearing and arbitrator's fees ("Arbitration Fees") at Your request. Throughout the arbitration, each party shall bear his or her own attorneys' fees and expenses, such as witness and expert witness fees. The arbitrator shall apply applicable substantive Tribal law consistent with the Federal Arbitration Act (FAA), and applicable statutes of limitation, and shall honor claims of privilege recognized at law. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. If the arbitrator renders a decision or an award in Your favor resolving the dispute, then You will not be responsible for reimbursing Us for Your portion of the Arbitration Fees, and We will reimburse You for any Arbitration Fees You have previously paid. If the arbitrator does not render a decision or an award in Your favor resolving the dispute, then the arbitrator shall require You to reimburse Us for the Arbitration Fees We have advanced less any Arbitration Fees You have previously paid. At the timely request of any party, the arbitrator shall provide a written explanation for the award. The arbitrator's award is binding and not appealable.

6. All parties, including related third parties, shall retain the right to enforce an arbitration award before the applicable governing body of the Habematolel Pomo of Upper Lake Tribe ("Tribal Forum"). Both You and We expressly consent to the jurisdiction of the Tribal Forum for the sole purposes of enforcing the arbitration award. The Tribe does not waive sovereign immunity.

7. This Arbitration Provision is made pursuant to a transaction involving both interstate commerce and Indian commerce under the United States Constitution and other federal and tribal laws. Thus, any arbitration shall be governed by the FAA and subject to the laws of the Habematolel Pomo of Upper Lake. If a final non- appealable judgment of a court having jurisdiction over this transaction and the parties finds, for any reason, that the FAA does not apply to this transaction, then Our agreement to arbitrate shall be governed by the laws of the Habematolel Pomo of Upper Lake Tribe.

8. This Arbitration Provision is binding upon and benefits You, Your respective heirs, successors and assigns. This Arbitration Provision is binding upon and benefits Us, Our successors and assigns, and related third parties. This Arbitration Provision continues in full force and effect, even if Your obligations have been paid or discharged through bankruptcy. This Arbitration Provision survives any cancellation, termination, amendment, expiration or performance of any transaction between You and Us and continues in full force and effect unless You and We otherwise agree in writing. If any of this Arbitration Provision is held invalid, the remainder shall remain in effect.

**AGREEMENT TO RECEIVE NOTICES ELECTRONICALLY:** You acknowledge that when you were approved for a loan, you agreed to the terms of our Electronic Consent Authorization.  You further acknowledge and agree that, if You have provided to Us an electronic or email address, any notices required by the Truth in Lending Act, Regulation Z, The Electronic Funds Transfer Act, Regulation E, The Equal Credit Opportunity Act, Regulation B, Title V of the Gramm-Leach-Bliley Act, Regulation P (or its applicable equivalent), The Fair Credit Reporting Act, and/or any other provision of applicable federal or tribal law or regulation may be delivered electronically, to the extent permitted by law. Except

as otherwise provided in the Agreement, You specifically agree that all notices required to be sent to You are effective when emailed or delivered to Your last known mail or e-mail address as identified in Our records. You agree that We may send or provide by electronic communication any notice, communication, disclosure amendment or replacement to the Agreement. All notices to Us from You should be forwarded to Majestic Lake Financial, Inc., 635 East Hwy 20, K Upper Lake, CA 95485, or faxed to 855-568-5928.

**YOUR ELECTRONIC SIGNATURE:**  You acknowledge and agree that when You express your consent as required for this document, You are electronically signing this document. By electronically signing this document, You are agreeing to all the terms and conditions set forth in the Agreement, and certifying that all information You have provided in connection with this transaction is complete and accurate. You agree that Your electronic signature shall have the same force and effect, and shall bind You to this Agreement in the same manner and to the same extent as a physical signature, in accordance with the Electronic Signatures in Global and National Commerce Act ("ESIGN") to the extent applicable. You also agree that this Agreement and all related documents are electronic records and that, as such, they may be transferred, authenticated, stored, and transmitted by electronic means.

**GOVERNING LAW:**  This Agreement is made and accepted in the sovereign territory of the Habematolel Pomo of Upper Lake, and shall be governed by applicable tribal law, including but not limited to the Habematolel Tribal Consumer Financial Services Regulatory Ordinance. You hereby agree that this governing law provision applies no matter where You reside at the time You request Your loan from Majestic Lake Financial, Inc.. Majestic Lake Financial, Inc. is regulated by the Habematolel Pomo of Upper Lake Tribal Consumer Financial Services Regulatory Commission. You may contact the Commission by mail at P.O. Box 516 Upper Lake CA 95485.

**ADDITIONAL PROVISIONS:**  The parties do not intend the benefits of this Agreement to inure to any third party, and nothing contained herein shall be construed as creating any right, claim or cause of action in favor of any such third party. If any part of this Agreement is found invalid, the rest of the Agreement will remain valid and enforceable.

**ASSIGNMENT:**  You may not assign the Agreement to any other party. We may assign the Agreement or delegate any or all of Our rights and duties under the Agreement to any third party without notifying You. No delay or omission by Us in exercising any rights or remedies hereunder shall impair or waive such right or remedy.

**ENTIRE AGREEMENT:**  This Agreement and any other written agreement You entered with Us in obtaining this loan constitute the entire agreement between Us and supersedes all prior agreements, understandings, statements or proposals, and representations, whether written or oral. This Agreement and any other written agreement You entered with Us in obtaining this loan, may not be modified except by written amendment signed by both parties.

**NOT MILITARY:**  By signing this Agreement You represent that You are not a member of the military or the spouse/dependent of a military member.  Specifically, You further represent that You are not (nor are You a spouse or dependent of) a regular reserve member of the Army, Navy, Marine Corps, Air Force or Coast Guard, serving on active duty under a call or order that does not specify a period of 30 days or fewer or serving on Active Guard or Reserve Duty.  (Dependents include the member's spouse, child under the age of 18 years old or an individual for whom the member provided more than one half of their financial support for 180 days preceding the date of this Agreement.)

**COMMUNICATIONS:**  You acknowledge and agree that We may contact You at any telephone number (that You provide to us or that We may obtain from third parties in the course of evaluating credit eligibility, while servicing your Loan, managing your account(s) with US; and/or in the course of collecting any amounts owed under this Agreement), using any means of communication including but not limited to telephone calls (whether dialed manually or delivered via automatic telephone dialing systems and/or prerecorded messaging), SMS, and/or text messaging sent to any mobile device, and written communications (whether sent to a mobile device, computer or physical address) for purposes of, including but not limited to management and service of Your account(s); providing you with any account disclosures which federal law requires or which Majestic Lake Financial, Inc. deems necessary; providing You with payment reminders and other account notifications; collection of any amounts due from You; and sharing offers for products and services that may be of interest to You. Standard text messaging and/or calling charges may apply. You understand that You may terminate your consent to receive text messages by texting "STOP" from Your mobile device, or speaking with one of our customer service agents.

If you do not wish to receive promotional communications, then You may terminate your consent at any time by

calling 844-427-1395, or by sending written instructions to Us via email, regular mail, or by texting "STOP" (as applicable). **You are not required to agree to receive promotional communications as a condition of obtaining a loan.**

**YOU UNDERSTAND AND AGREE THAT THIS LOAN IS NOT INTENDED TO MEET LONG TERM FINANCIAL NEEDS.**

**By electronically signing this Agreement below**, You certify that the information given in connection with this Agreement is true and correct. You authorize Us to verify the information given in connection with this Agreement, and You give Us consent to obtain information about You from consumer reporting agencies or other sources. **You acknowledge, represent and warrant that: (a)** You have read, understand, and agree to all of the terms and conditions of this Agreement, including the Arbitration Agreement, and specifically the waivers of any rights to a jury trial and any rights to participate in class proceedings contained herein, **(b)** this Agreement contains all of the terms of the agreement between You and Us and that no representations or promises other than those contained in this Agreement have been made, **(c)** You specifically authorize deposits to and withdrawals from the accounts you designate if you electronically sign an Electronic Payment Authorization Agreement pursuant to this Agreement, **(d)** You are not a debtor under any proceeding in Bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, **(e)** this Agreement was filled in before You signed it, **(f)** You have reviewed and been given the option to print or retain a copy of Our privacy policy and terms and conditions, and **(g)** You have the ability to print or retain a completed copy of this Agreement. You further acknowledge that We may withhold funding of Your Loan until We ensure all the information You gave Us on Your application is true and We decide whether You meet Our requirements to receive the Loan.

| SHERRY R BLACKBURN | 1/6/2016 2:34:25 PM | ▓▓▓▓▓▓▓▓ | ▓▓▓▓3962 |
|---|---|---|---|
| **Signature** | **Date Signed** | **Signature IP** | **Contract #** |

| **Lender:**<br>**Majestic Lake Financial, Inc.**<br>**635 East Hwy 20, K**<br>**Upper Lake, CA 95485**<br><br>**Phone Number: 844-427-1395**<br>**Fax Number: 855-568-5928** | **Consumer:**<br>**SHERRY R BLACKBURN**<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>**CHESTER, VA 23831**<br>**Customer ID:** ▓▓▓▓▓▓▓▓▓<br><br>**Loan Number:** ▓▓▓▓3962 |
|---|---|

## NOTICE AND CONSENT REGARDING ELECTRONIC DELIVERY OF DISCLOSURES

The Lender identified in your loan documentation is providing you the following information in a manner consistent with principles under United States federal law.

**CONSENT TO ELECTRONIC DELIVERY OF DISCLOSURES**
By consenting to the electronic delivery of disclosures, you agree that we may provide electronically any and all communications regarding the loan application and the opening of the Loan (the "Disclosures"). This consent applies to the receipt of electronic Disclosures with respect to this loan application and the opening of the Loan. This consent does not apply to any future transactions that may occur between us.

**Paper Copies of Disclosures**
When you apply for and obtain a loan from Lender, you agree to receive information and disclosures regarding your loan electronically. You agree to print out, download or otherwise store the Disclosures and other communications to keep for your records. If you consent to the electronic delivery of Disclosures, you may also receive a paper copy of any Disclosure provided to you electronically by writing us at the Lender's address as identified in the loan documentation. There is no fee for the paper

copy.

**Withdrawing Consent to Electronic Delivery**
You may withdraw your consent by sending us your request in writing to the Lender's address as identified in the loan documentation.. If you decide to withdraw Your Consent, the legal effectiveness, validity and/or enforceability of prior electronic Disclosures will not be affected.

**Hardware and Software Requirements**
You must use a computer processor (CPU), monitor, modem with ISP access to the internet or direct-dial up accessibility and a printer capable of printing text screens or hard drive capable of storing data. In addition, you must use an internet browser software that supports 128-bit encryption. If you want to review additional information on the requirements for using this software and associated hardware requirements, go to www.microsoft.com. Because we may deliver Disclosures to you or otherwise communicate with you using e-mail, you must be able to send e-mail and receive e-mail that contains hyperlinks to websites.

**Procedures to Update Email Address**
If you provide us with an email address in your application, you may notify us of changes in such address by writing us at the Lender's address as identified in the loan documentation.

CONSENT AND ACKNOWLEDGEMENT
You acknowledge and agree that:

**CONSENT AND ACKNOWLEDGEMENT**
By signing below you acknowledge and agree that:
I have read the information about the use of electronic records to provide Disclosures and other Communications, and the use of electronic signatures in connection with my loan application and Loan.
I consent to the use of electronic records to provide Disclosures and electronic signatures in Connection with my loan application and Loan in place of written documents and handwritten Signatures, when applicable.
I am able to view this consent. I am also able to download and review files within a web browser.
I have an account with an internet service provider and I am able to send e-mail and receive e-mail with hyperlinks to websites.
I am consenting on behalf of all other co-owners of an account, if applicable. If applicable, I am authorized to consent on their behalf.
I acknowledge and agree that acceptance of this Notice and Consent Regarding Electronic Delivery of Disclosures inures to the benefit of Majestic Lake Financial, Inc., its affiliates, agents, employees, successors, and assigns.

| SHERRY R BLACKBURN | 1/6/2016 2:34:25 PM | | 3962 |
|---|---|---|---|
| Signature | Date Signed | Signature IP | Contract# |

| Lender:<br>Majestic Lake Financial, Inc.<br>635 East Hwy 20, K<br>Upper Lake, CA 95485<br><br>Phone Number: 844-427-1395<br>Fax Number: 855-568-5928 | Consumer:<br>SHERRY R BLACKBURN<br><br>CHESTER, VA 23831 |
|---|---|

Loan Number: 3962
Agreement Date: January 7, 2016

**AUTHORIZATION AGREEMENT**

The term "Lender," means Majestic Lake Financial, Inc., an arm of the Habematolel Pomo of Upper Lake Tribe of Indians, a federally recognized Native American Indian Tribe, and any representative, agent, independent contractor, affiliate or assignee it uses in the provision of my loan under the Consumer Loan and Arbitration Agreement (the "Loan Agreement") executed by me and accepted by Lender. This Authorization Agreement ("Authorization") is a part of and relates to the Loan Agreement, and Lender's Terms of Use, which are available through Lender's website. Unless otherwise defined in this Authorization, capitalized terms used herein shall have the meanings assigned to such terms in the Loan Agreement.

**Credit Authorization:** I hereby authorize Lender to initiate credit entries to my Account identified below consistent with the terms of my Loan Agreement with Lender. The term "Account" shall mean the any and all financial accounts you have with a financial institution of which you have voluntarily supplied identifying information.

**Debit Authorization:** I hereby voluntarily authorize Lender and its successors and assigns to initiate debit entries from the Account for all payments due under the Loan Agreement in a sum equal to my installment payment amount due under the Loan Agreement; provided, however, that I pre-authorize Lender to vary the amount of any debit entry on each Payment Due Date as needed to adjust an installment payment due on the Loan to reflect any payment I make, and for any late, returned item charges, nonsufficient fund fees and other fees imposed under the Loan Agreement, and for acceleration of amounts owed upon default under the Loan Agreement. If any payment date occurs on a day that is not a business day, the debit authorized by this Authorization will occur on the next following business day. The term "business day" refers to a calendar day other than a Saturday, Sunday or a bank or federal holiday. I acknowledge and agree that debit entries may be made from my Account(s) as an automated clearing house entry using my account and routing number, and, if I supply account access device information, may also be made by another payment method or network such as electronic fund transfer using my debit card, Check card, or other account access device or code supplied by me which card is not a credit card.

**Notice of Varying Amounts:** Please note that you have the right to receive notice of the withdrawals from your Account by an electronic debit that varies in amount. However, by agreeing to let us withdraw the money from your Account as forth above in "Debit Authorization," you agree we only have to tell you the range of withdrawals that we can make. For any withdrawal outside of this specified range, we will send you a notice 10 days prior to the date of the debit. Therefore, by signing below, you acknowledge that you will only receive notice when a withdrawal exceeds the amount in the specified range as set forth in "Debit Authorization.".

**Terminating Authorization:** This authority is to remain in full force and effect until my loan is paid in full, including any fees and charges under my Agreement or Lender has received notification from me of termination of my ACH authorization or my electronic fund transfer authorization at least three (3) business days prior to the Payment Due date. If I give Lender oral notification to stop payments, I agree that I must confirm my stop-payment order within 14 days in writing or else the stop payment order is no longer effective. Such notifications should be sent to: Majestic Lake Financial, Inc., 635 East Hwy 20, K , Upper Lake, CA 95485. I further understand that any termination of a payment method authorization will not relieve me of the responsibility of paying all amounts due in full that are owed under the Loan Agreement.

**Return Fees:** I understand if a payment is not honored or cannot be processed for any reason, it may be electronically re-presented up to two times. I authorize Lender to debit a fee of $20.00 for each payment returned unpaid. I understand that my financial institution may also impose a fee if my Account does not have sufficient funds to cover any debit processed for payment from such Account.

**Error Resolution Notice:** In the event you have elected an electronic method to receive your funds or pay your loan and (i) you have a question about an electronic transfer or if (ii) you find an error, you must telephone us at 844-427-1395, write us at Majestic Lake Financial, Inc., 635 East Hwy 20, K , Upper Lake, CA 95485 as soon as you can. We must hear from you no later than 60 days after the FIRST debit or credit that is the basis of the problem or error. (1) Tell us your name and account number (if any); (2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information; and (3) Tell us the dollar amount of the suspected error. If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days. We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account. For errors involving new accounts, we may take up to 90 days to investigate your complaint or question. For new accounts, we may take up to 20 business days to credit your account for the amount you think is in error. We will tell you the results within 3 business days after completing our investigation. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation. In the event of any conflict between the notification procedures contained herein and in the Terms of Use Agreement, the Terms of Use Agreement will control.

**Electronic Signature:** When I apply my signature in the indicated boxes on this document, I am providing my electronic signature on this document. By electronically signing this document, I am agreeing to all the terms and conditions set forth in

this authorization, and certifying that all information I have provided in connection with it is complete and accurate, and that I have the authority to authorize Lender and its agents, successors and assigns to initiate debit and credit entries from the Account specified below. I agree that my electronic signature will have the same force and effect, and shall bind me in the same manner and to the same extent as a physical signature would do, in accordance with the Electronic Signatures in Global and National Commerce Act ("ESIGN") to the extent applicable. I also agree that this authorization and all related documents are electronic records and that, as such, they may be transferred, authenticated, stored, and transmitted by electronic means.

**Confidentiality.** We will disclose information to third parties about your account or the transfers you make: (1) where it is necessary for completing transfers; or (2) in order to verify the existence and condition of your account to a third party, such as a credit bureau, or merchant; or (3) in order to comply with a government agency or court orders; or (4) as described in our privacy notice, provided separately.

**Miscellaneous:** If there is any missing or erroneous information in this Authorization regarding my Account, then I authorize Lender to verify and correct such information. I attest that I am the person who owns the Account supplied below, or is a beneficiary of the Account and has authority to make withdrawals or transfers to and from the Account.

| SHERRY R BLACKBURN | 1/6/2016 2:34:25 PM | | 3962 |
|---|---|---|---|
| Signature | Date Signed | Signature IP | Contract# |

| ACCOUNT INFORMATION | |
|---|---|
| Financial Institution Name: | |
| Name(s) on Account: | SHERRY R BLACKBURN |
| Financial Institution Routing No. / ABA No.: | |
| Financial Institution Acct No.: | |

| Lender: | Consumer: |
|---|---|
| **Majestic Lake Financial, Inc.** | **SHERRY R BLACKBURN** |
| **635 East Hwy 20, K** | |
| **Upper Lake, CA 95485** | **CHESTER, VA 23831** |
| | **Customer ID:** |
| **Phone Number: 844-427-1395** | |
| **Fax Number: 855-568-5928** | **Loan Number:** 3962 |

## TEXT MESSAGING POLICY

**TEXT MESSAGING:** By electronically signing below, you authorize Lender, our assigns, successors or servicing agents to send SMS Statement Notifications (as defined below) to any phone numbers provided to us, our assigns, successors or service agents in connection with this loan and any modification or renewal of this loan. As used in this text messaging disclosure, "SMS Statement Notifications" means any SMS (text message) communications from us to you pertaining to your loan sent to the phone numbers provided in connection with this loan, including but not limited to payment information, account information, due dates, delinquent accounts, program updates, promotions, coupons and other marketing messages.

How to Unsubscribe: You may withdraw your consent to receive SMS Statement Notifications by replying with "stop" or calling us at 844-427-1395. We may treat your provision of an invalid mobile phone number, or the subsequent malfunction of a previously valid mobile phone number, as a withdrawal of your consent to receive SMS Statement Notifications. Any withdrawal of your consent to use SMS Statement Notifications will be effective only after we have a reasonable period of time to process your withdrawal.

2. To request additional information, contact us by telephone at 844-427-1395.

In order to access, view, and retain SMS Statement Notifications that we make available to you, you must have: (i) a SMS-capable mobile phone, (ii) an active mobile phone account with a communication service provider; and (iii) sufficient storage capacity on your mobile phone

4. All SMS Statement Notifications in electronic format from us to you will be considered "in writing."

There is no service fee for SMS Statement Notifications but you are responsible for any and all charges, including but not limited to fees associated with text messaging, imposed by your communications service provider. Other charges may apply. Such charges may include those from your communications service provider. Please consult your mobile service carrier's pricing plan to determine the charges for sending and receiving text messages. These charges will appear on your phone bill. Message frequency depends on account settings.

Additionally, you agree that we may send any SMS Statement Notifications through your communication service provider in order to deliver them to you and that your communication services provider is acting as your agent in this capacity. You agree to provide a valid mobile phone number for these services so that we may send you certain information about your loan. Additionally, you agree to indemnify, defend and hold us harmless from and against any and all claims, losses, liability, cost and expenses (including reasonable attorneys' fees) arising from your provision of a mobile phone number that is not your own or your violation of applicable federal, state or local law, regulation or ordinance. Your obligation under this paragraph shall survive termination of this Agreement. SMS Statement Notifications are provided for your convenience only.

7. Receipt of each SMS Statement may be delayed or impacted by factor(s) pertaining to your communications service provider(s). We will not be liable for losses or damages arising from any disclosure of account information to third parties, non-delivery, delayed delivery, misdirected delivery or mishandling of, or inaccurate content in, the SMS Statement Notifications sent by us.

We may modify or terminate our text messaging services from time to time, for any reason, and without notice, including the right to terminate text messaging with or without notice, without liability to you, any other user or third party.

| Signature | Date Signed | Signature IP | ███3962<br>Contract# |
|---|---|---|---|
| Lender:<br>Majestic Lake Financial, Inc.<br>635 East Hwy 20, K<br>Upper Lake, CA 95485<br><br>Phone Number: 844-427-1395<br>Fax Number: 855-568-5928 | | Borrower:<br>SHERRY R BLACKBURN<br>███<br>CHESTER, VA 23831<br>Customer ID: ███<br><br>Loan Number: ███3962 | |

**COMPANY COMMUNICATION POLICY**

This policy describes how Majestic Lake Financial, Inc., its assigns, successors or servicing agents ("Us" or "We") may communicate with you. For detailed information regarding text messages and SMS notifications We may send, please refer to our SMS Policy. For detailed information regarding how we use, disclose and protect your personal information (and how you may limit sharing), please refer to our Privacy Policy on our website.

By electronically signing below, you give Us permission to contact you at any telephone number or mobile access device you supply to Us using any means of communication including but not limited to telephone calls, E-mail, SMS (pursuant to our Text Messaging Policy), autodialer, and prerecorded messages (collectively, "communications").

When you provide Us with this permission, you expressly agree that we may send you these communications to send you notifications regarding your account or your loan, including payment reminders, missed payment notices and default notices; inform you about promotional offers, and to tell you about other offers for products and services (including those of our affiliates or marketing partners) that We think may interest you. You further agree to receive communications from Us on your cell phone for any of the purposes identified above, as well as to collect any amounts due from you.

**You acknowledge that you understand that You are not required to agree to receive any such communications to your mobile number or residential number as a condition of obtaining a loan.**

<u>To stop receiving marketing and promotional calls</u>: You may stop receiving marketing and other promotional communications by calling us 844-427-1395 and asking to be added to our 'do not market' list, or by sending written notice via email or regular mail at the address provided in your loan agreement.

<u>To stop receiving E-mail solicitations</u>: You may stop E-mail solicitations by clicking the "unsubscribe" link that is provided at the

bottom of all marketing Email communications. You may also call us at 844-427-1395 and inform an agent that you no longer want to receive marketing emails, or send written notice via email or regular mail at the address provided in your loan agreement.

<u>To stop receiving text messages</u>: You may stop text messages by replying "STOP" to any text you receive. You may also call us at 844-427-1395. Please refer to our SMS Policy for detailed information regarding text messages and SMS notifications.

| | | | ▇▇▇3962 |
|---|---|---|---|
| Signature | Date Signed | Signature IP | Contract# |

| | |
|---|---|
| **Lender:**<br>**Majestic Lake Financial, Inc.**<br>**635 East Hwy 20, K**<br>**Upper Lake, CA 95485**<br><br>**Phone Number: 844-427-1395**<br>**Fax Number: 855-568-5928** | **Consumer:**<br>**SHERRY R BLACKBURN**<br>▇▇▇▇▇▇▇▇▇▇▇▇▇<br>**CHESTER, VA 23831** |

**Loan Number:** ▇▇▇3962
**Agreement Date: January 7, 2016**

## AUTHORIZATION AGREEMENT

The term "Lender," means Majestic Lake Financial, Inc., an arm of the Habematolel Pomo of Upper Lake Tribe of Indians, a federally recognized Native American Indian Tribe, and any representative, agent, independent contractor, affiliate or assignee it uses in the provision of my loan under the Consumer Loan and Arbitration Agreement (the "Loan Agreement") executed by me and accepted by Lender. This Authorization Agreement ("Authorization") is a part of and relates to the Loan Agreement, and Lender's Terms of Use, which are available through Lender's website. Unless otherwise defined in this Authorization, capitalized terms used herein shall have the meanings assigned to such terms in the Loan Agreement.

**Credit Authorization:** I hereby authorize Lender to initiate credit entries to my Account identified below consistent with the terms of my Loan Agreement with Lender. The term "Account" shall mean the any and all financial accounts you have with a financial institution of which you have voluntarily supplied identifying information.

**Debit Authorization:** I hereby voluntarily authorize Lender and its successors and assigns to initiate debit entries from the Account for all payments due under the Loan Agreement in a sum equal to my installment payment amount due under the Loan Agreement; provided, however, that I pre-authorize Lender to vary the amount of any debit entry on each Payment Due Date as needed to adjust an installment payment due on the Loan to reflect any payment I make, and for any late, returned item charges, nonsufficient fund fees and other fees imposed under the Loan Agreement, and for acceleration of amounts owed upon default under the Loan Agreement. If any payment date occurs on a day that is not a business day, the debit authorized by this Authorization will occur on the next following business day. The term "business day" refers to a calendar day other than a Saturday, Sunday or a bank or federal holiday. I acknowledge and agree that debit entries may be made from my Account(s) as an automated clearing house entry using my account and routing number, and, if I supply account access device information, may also be made by another payment method or network such as electronic fund transfer using my debit card, Check card, or other account access device or code supplied by me which card is not a credit card.

**Notice of Varying Amounts:** Please note that you have the right to receive notice of the withdrawals from your Account by an electronic debit that varies in amount. However, by agreeing to let us withdraw the money from your Account as forth above in "Debit Authorization," you agree we only have to tell you the range of withdrawals that we can make. For any withdrawal outside of this specified range, we will send you a notice 10 days prior to the date of the debit. Therefore, by signing below, you acknowledge that you will only receive notice when a withdrawal exceeds the amount in the specified range as set forth in "Debit Authorization.".

**Terminating Authorization:** This authority is to remain in full force and effect until my loan is paid in full, including any fees and charges under my Agreement or Lender has received notification from me of termination of my ACH authorization or my electronic fund transfer authorization at least three (3) business days prior to the Payment Due date. If I give Lender oral notification to stop payments, I agree that I must confirm my stop-payment order within 14 days in writing or else the stop payment order is no longer effective. Such notifications should be sent to: Majestic Lake Financial, Inc., 635 East Hwy 20, K , Upper Lake, CA 95485. I further understand that any termination of a payment method authorization will not relieve me of the responsibility of paying all amounts due in full that are owed under the Loan Agreement.

**Return Fees:** I understand if a payment is not honored or cannot be processed for any reason, it may be electronically re-

presented up to two times. I authorize Lender to debit a fee of $20.00 for each payment returned unpaid. I understand that my financial institution may also impose a fee if my Account does not have sufficient funds to cover any debit processed for payment from such Account.

**Error Resolution Notice:** In the event you have elected an electronic method to receive your funds or pay your loan and (i) you have a question about an electronic transfer or if (ii) you find an error, you must telephone us at 844-427-1395, write us at Majestic Lake Financial, Inc., 635 East Hwy 20, K , Upper Lake, CA 95485 as soon as you can. We must hear from you no later than 60 days after the FIRST debit or credit that is the basis of the problem or error. (1) Tell us your name and account number (if any); (2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information; and (3) Tell us the dollar amount of the suspected error. If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days. We will determine whether an error occurred within 10 business days after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account. For errors involving new accounts, we may take up to 90 days to investigate your complaint or question. For new accounts, we may take up to 20 business days to credit your account for the amount you think is in error. We will tell you the results within 3 business days after completing our investigation. If we decide that there was no error, we will send you a written explanation. You may ask for copies of the documents that we used in our investigation. In the event of any conflict between the notification procedures contained herein and in the Terms of Use Agreement, the Terms of Use Agreement will control.

**Electronic Signature:** When I apply my signature in the indicated boxes on this document, I am providing my electronic signature on this document. By electronically signing this document, I am agreeing to all the terms and conditions set forth in this authorization, and certifying that all information I have provided in connection with it is complete and accurate, and that I have the authority to authorize Lender and its agents, successors and assigns to initiate debit and credit entries from the Account specified below. I agree that my electronic signature will have the same force and effect, and shall bind me in the same manner and to the same extent as a physical signature would do, in accordance with the Electronic Signatures in Global and National Commerce Act ("ESIGN") to the extent applicable. I also agree that this authorization and all related documents are electronic records and that, as such, they may be transferred, authenticated, stored, and transmitted by electronic means.

**Confidentiality.** We will disclose information to third parties about your account or the transfers you make: (1) where it is necessary for completing transfers; or (2) in order to verify the existence and condition of your account to a third party, such as a credit bureau, or merchant; or (3) in order to comply with a government agency or court orders; or (4) as described in our privacy notice, provided separately.

**Miscellaneous:** If there is any missing or erroneous information in this Authorization regarding my Account, then I authorize Lender to verify and correct such information. I attest that I am the person who owns the Account supplied below, or is a beneficiary of the Account and has authority to make withdrawals or transfers to and from the Account.

| Signature | Date Signed | Signature IP | ▮3962 Contract# |
|---|---|---|---|

| DEBIT CARD INFORMATION |
|---|
| Cardholder's Name (as it appears on the debit card): |
| Debit Card No. (Last 4 Digits): |
| Expiration Date: - |
| Billing Address:: ▮ CHESTER, VA 23831 |