IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Richmond Division**

| | |
|---|---|
| GEORGE HENGLE, SHERRY BLACKBURN, WILLIE ROSE, ELWOOD BUMBRAY, TIFFANI MYERS, STEVEN PIKE, SUE COLLINS, LAWRENCE MWETHUKU, on behalf of themselves and all individuals similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SCOTT ASNER, et. al.<br><br>        Defendants. | Civil Case No. 3:19-250 |

**MOTION TO FILE BRIEF FOR HABEMATOLEL POMO OF UPPER LAKE CONSUMER FINANCIAL SERVICES REGULATORY COMMISSION, AS *AMICUS CURIAE* SUPPORTING DEFENDANTS**

By and through undersigned counsel the Habematolel Pomo of Upper Lake Consumer Financial Services Regulatory Commission hereby respectfully moves this Court for leave to file a brief of amicus curiae in support of Defendants. Plaintiff's counsel stipulated that this filing is timely if filed on or about August 26, 2019 and has not objected to its filing.

The Habematolel Pomo of Upper Lake Tribe enacted a Tribal Ordinance to create the Habematolel Pomo of Upper Lake Consumer Financial Services Regulatory Commission ("Commission"). The Commission's purpose is to license and enforce consumer financial protection laws by regulating the Tribe's lending businesses. The Commission operates

19656800.3

independently in the exercise of its licensing, supervision and enforcement authorities. Any attack on the Tribe's authority to enact ordinances and regulate businesses that it operates is an attack on the Commission's authority to regulate its licensees. Accordingly, the Commission has an interest in defending its own regulatory power and the right of tribal governments to regulate their own economic entities.

Second, the Commission is concerned that rigid application of the factors set forth in *Breakthrough Mgmt. Group Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1181 (10th Cir. 2010) could prevent tribally-owned businesses from operating with the professional expertise and leadership they need for fear of not meeting the "control" factor elucidated by that court.

For many reasons, financial services is an ideal business for tribal governments to enter, but it must be done safely and professionally in order to avoid consumer harm. The proposed amicus brief provides the court information and rationale supporting this perspective.

No party's counsel authored any part of this brief, and no party, party's counsel, person, or entity other than the amicus curiae or its counsel contributed money toward the authorship or production of this brief. The brief's body is less than 5,000 words.

For the foregoing reasons, CTLC respectfully requests that this Court grant leave to permit the filing of the CTLC's proposed *amicus* brief, appended to this Motion.

Respectfully submitted,

| | |
|---|---|
| */s/ Christine A. Samsel* | */s/ Brendan Johnson* |
| Christine A. Samsel | Brendan Johnson (admitted pro hac vice) |
| BROWNSTEIN HYATT FARBER SCHRECK LLP | ROBINS KAPLAN LLP |
| 410 17th Street | 140 North Phillips Avenue, Suite 307 |
| Denver, Colorado 80202 | Sioux Falls, SD 57104 |

19656800.3