# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

GEORGE HENGLE, *et al., on behalf of themselves and all others similarly situated,*

        Plaintiffs,

  v.            Case No: 3:19-cv-250-DJN

SCOTT ASNER, *et al*,

        Defendants.

**DECLARATION OF LEONARD A. BENNETT IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

  I, Leonard A. Bennett, hereby declare the following:

  1. My name is Leonard A. Bennett. I am over 21 years of age, of sound mind, capable of executing this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and have personal knowledge of the facts stated herein, and they are all true and correct.

**Consumer Litigation Associates, P.C.**

  2. I am one of the attorneys working on behalf of the Plaintiffs and the Class in the above-styled litigation, and I am an attorney and principal of the law firm of Consumer Litigation Associates, P.C., a six-attorney law firm with offices in Hampton Roads, Richmond, Harrisonburg and Alexandria, Virginia. My primary office is at 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

  3. Since 1994, I have been and presently am a member in good standing of the Bar of

the highest court of the Commonwealth of Virginia, where I regularly practice law. Additionally, since 1995, I have been a member in good standing of the Bar of the highest court of the State of North Carolina.

4.      I have also been admitted to practice before and am presently admitted to numerous other federal courts. I have also been admitted to or by *pro hac vice* in United States District Courts including Alabama, Arizona, California, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Nevada, New Hampshire, New Jersey, New York, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Washington, West Virginia, Wisconsin, Wyoming, and the District of Columbia.

5.      I was selected as the 2017 Consumer Lawyer of the Year by the National Association of Consumer Advocates.

6.      Since 1996, my practice has been limited to consumer protection litigation. While my experience representing consumers has come within several areas, with nearly all of my litigation experience in Federal court.

7.      Since 2001, I have been asked to and did speak at numerous CLE programs, seminars and events in the area of Consumer Protection litigation.[1]

---

[1] NCLC 2021 Mortgage Conference, Credit Reporting Issues in Mortgage Cases, June 25, 2021; NACA Online Spring Training 2021, COVID and Post-COVID Issues in FCRA Litigation, April 30, 2021; NCLC 2020 Consumer Rights Litigation Conference, Discovery in FCRA Cases, November 18, 2020; NACA Webinar, Understanding the Metro 2 Reporting Format, September 24, 2020; NCLC 2021 Mortgage Conference, Credit Reporting Issues in Mortgage Cases, June 25, 2021; NACA Online Spring Training 2020, Dealing with FCRA Paradigm Shifts: New Equifax Defense and COVID-19 Challenges, May 11, 2020; NACA Webinar, Virtual Depositions, March 31, 2020; National Consumer Law Center, Consumer Rights Conference, Denver, Colorado (November 2018); Military U.S. Navy Legal Assistance, Consumer Awareness, Buying, Financing and Owning an Automobile (July 2018); Practicing Law Institute (PLI), 23rd Annual Consumer Financial Services Institute, April 2018; National Consumer Law Center, Consumer Rights Conference, Washington, D.C., Speaker (November 2017); National Consumer Law Center, Consumer Rights Conference, Anaheim, California, Speaker for Multiple Sessions (October 2016); Fair Debt Collection Practices Act/Fair Credit Reporting Act, Norfolk and Portsmouth, VA Bar Association (October 29, 2015); National Consumer Law Center, Consumer Rights Conference, Washington, D.C., Speaker for Multiple Sessions (November 2013); National Consumer Law Center, Fair Debt Collection Practices Act Conference, Fair Credit

8.	I testified before the United States House Financial Services Committee on multiple occasions. In 2014, I spoke before the Consumer Financial Protection Bureau Consumer Advisory Board.

9.	I have also served on a Federal Trade Commission Round Table and Governor Kaine's Virginia Protecting Consumer Privacy Working Group all within this field. I was recently on the Board of Directors of the National Association of Consumer Advocates, and am on the Partners Council of the National Consumer Law Center, on the Board of Directors for Public Justice and the Advisory Council of the Virginia Poverty Law Center.

10.	I have been named as a multi-year Super Lawyer, a Law Dragon Top 500 Plaintiffs'

---

Reporting Act Claims Against Debt Buyers, March 2013; National Association of Consumer Advocates, Webinar CLE: FCRA Dispute Process, December 2012; Rossdale CLE, Fair Credit Reporting Act (August 2012); Virginia Trial Lawyers Association, Advocacy Seminar - October, 2011; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference - Memphis, TN, May 2011; Stafford Publications CLE, National Webinar, "FCRA and FACTA Class Actions: Leveraging New Developments in Certification, Damages and Preemption" (April 2011); National Consumer Law Center, National Consumer Rights Conference, Boston, Speaker for Multiple Sessions, November, 2010; Virginia State Bar, Telephone and Webinar Course, Virginia, 2009; "What's Going On Here? Surging Consumer Litigation - Including Class Actions in State and Federal Court"; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference, Chicago, IL, May 2009; National Consumer Law Center, National Consumer Rights Conference, Philadelphia, Speaker for Multiple Sessions, November 2009; National Consumer Law Center, National Consumer Rights Conference, Portland, OR, Speaker for Multiple Sessions, November 2008; Washington State Bar, Consumer Law CLE, Speaker, September 2008; Washington State Bar, Consumer Law CLE, Speaker, July 2007; House Financial Services Committee, June 2007; National Consumer Law Center, National Consumer Rights Conference, Washington, D.C., Speaker for Multiple Sessions, November 2007; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference; Denver, Colorado, May 2007, Multiple Panels; U.S. Army JAG School, Charlottesville, Virginia, Consumer Law Course Instructor, May 2007; Georgia State Bar, Consumer Law CLE, Speaker, March 2007; Contributing Author, Fair Credit Reporting Act, Sixth Edition, National Consumer Law Center, 2006; National Consumer Law Center, National Consumer Rights Conference, Miami, FL, Speaker for Multiple Sessions, November 2006; Texas State Bar, Consumer Law CLE, Speaker, October 2006 Federal Claims in Auto fraud Litigation; Santa Clara University Law School, Course, March 2006; Fair Credit Reporting Act; Widener University Law School, Course, March 2006 Fair Credit Reporting Act; United States Navy, Navy Legal Services, Norfolk, Virginia, April 2006 Auto Fraud; Missouri State Bar CLE, Oklahoma City, Oklahoma; Identity Theft; National Consumer Law Center, National Consumer Rights Conference, Boston, Mass, Multiple panels; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference, New Orleans, Louisiana (May 2005), Multiple Panels; United States Navy, Naval Justice School (JAG Training), Newport , Rhode Island, Consumer Law; American Bar Association, Telephone Seminar; Changing Faces of Consumer Law, National Consumer Law Center, National Consumer Rights Conference, Boston, Mass; Fair Credit Reporting Act Experts Panel; and ABCs of the Fair Credit Reporting Act; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference, Chicago, Illinois; Multiple Panels; Oklahoma State Bar CLE, Oklahoma City, Oklahoma, Identity Theft; Virginia State Bar, Telephone Seminar, Identity Theft; United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island, Consumer Law; United States Navy, Navy Legal Services, Norfolk, Virginia, Auto Fraud; Virginia State Bar, Richmond and Fairfax, Virginia, Consumer Protection Law; Michigan State Bar, Consumer Law Section, Ann Arbor, Michigan, *Keynote Speaker.*

Attorney, to Best Lawyers in America and a Virginia Leader in the Law.

11. In 2019 and 2020, my firm earned the Nation Law Journal's Elite Trial Lawyers Award for top firm in Financial Products class action litigation.

12. In 2019, our firm, Consumer Litigation Associates, was the co-recipient of the Virginia State Bar's Frankie Muse Freeman Organizational Pro Bono Award.

13. My firm has been selected by U.S. NEWS & WORLD REPORT Best Law Firm, First Tier Nationwide.

14. I was and am one of the contributing authors of the leading and comprehensive treatises published by National Consumer Law Center and used by judges and advocates nationally.

**Consumer Litigation Associates, P.C.'s Experience**

15. I have substantial experience in complex litigation, including class action cases, prosecuted in Federal court.

16. I have litigated scores of class action cases based on consumer protection claims in the past two decades. In each of the class cases, when asked to do so by either contested or uncontested motion, the court found me to be adequate class counsel. In each of these, I served in a lead or executive committee counsel role. Just a few of comparable cases include, by example only: *Pitt v. K-Mart Corp*, 3:11-cv-697 (E.D. Va.); *Ryals v. HireRight Sols., Inc.*, 3:09-cv-625 (E.D. Va.); *White v. Experian Info. Sols. Inc.,* 8:05-cv-01070 (C.D. Cal.); *Teagle v. LexisNexis Screening Sols., Inc.*, 1:11-cv-1280 (N.D. Ga.); *Roe v. Intellicorp*, 1:12-cv-02288 (N.D. Ohio); *White v. CRST*, 1:11-cv-2615 (N.D. Ohio); *Williams v. LexisNexis Risk Mgmt.*, 3:06-cv-241 (E.D. Va.); *Goode v. LexisNexis*, 11-cv-2950 (E.D. Pa.); *Beverly v. Wal-Mart Stores, Inc.*, 3:07-cv-469 (E.D. Va.); *Berry v. LexisNexis Risk & Info. Analytical Group*, 3:11-cv-754 (E.D. Va.); *Stinson v.*

4

*Advance Auto Parts, Inc.,* (W.D. Va.); *Black v. Winn-Dixie Stores, Inc.*, 3:09-cv-502 (M.D. Fla.); *Cappetta v. GC Servs. LP*, 3:08-cv-288-JRS (E.D. Va.); *Henderson v. Verifications, Inc.*, 3:11-cv-514 (E.D. Va.): *Harris v. US Physical Therapy, Inc.*, 2:10-cv-1508 (D. Nev.); *Domonoske v. Bank of Am., N.A.*, 5:08-cv-66 (W.D. Va.); *Smith v. Telecris Biotherapeutics, Inc.*, 1:09-cv-153 (M.D.N.C.); *Daily v. NCO Fin.*, 3:09-cv-31 (E.D. Va.); *Lengrand v. Wellpoint*, 3:11-cv-333 (E.D. Va.); *Burke v. Shapiro, Brown & Alt, LLP*, No. 3:14-cv-838 (DJN) (E.D. Va.); *Ridenour v. Multi-Color Corp.*, No. 2:15-cv-41-MSD-DEM (E.D. Va.); *Manuel v. Wells Fargo Nat'l Ass'n*, No. 3:14-cv-238 (E.D. Va.); *Thomas v. FTS USA, LLC*, No. 3:13-cv-825-REP (E.D. Va.); *Milbourne v. JRK Residential Am., Inc.*, No. 3:12-cv-861-REP (E.D. Va.): *Hall v. Vitran Express, Inc.*, No. 1:09- cv-00800 (N.D. Ohio); *Anderson v. Signix, Inc.*, No. 3:08-CV-570 (E.D. Va.); *Reardon v. Closetmaid,* No. 2:08-cv-1730 (W.D. Pa.); *Bell v. U.S. Express, Inc.*, l:11-CV- 181 (E.D. Tenn.); *Goode v. First Advantage LNS Screening Sols., Inc.*, 2:11-cv-2950 (E.D. Pa.) *Ellis v. Swift Transp. Co. of Az.*, 3:13-cv-473 (E.D. Va.); *Edwards v. Horizon Staffing, Inc.*, No. 1:13-cv-3002 (N.D. Ga.); *Shami v. Middle E. Broadcasting, Inc.,* 1:13-cv-467 (E.D. Va.); *Marcum v. Dolgencorp*, 3:12-cv-108 (E.D. Va.); *Wyatt v. SunTrust Bank*, 3:13-cv-662 (E.D. Va.); *Henderson v. HRPlus*, No. 3:14-cv-82 (E.D. Va.); *Henderson v. Backgroundchecks.com*, 3:13-cv- 29 (E.D. Va.); *Henderson v. Acxiom Risk Sols.*, 3:12-cv-589 (E.D. Va.); *Ryals v. Strategic Screening Sols., Inc.*, 3:14-cv-00643-REP (E.D. Va.); *Thomas v. First Advantage Screening Solutions, Inc.*, 1:13-cv-04161-CC-LTW (N.D. Ga.); *Smith v. Harbor Freight Tools USA, Inc.*, No. 2:13-cv-06262-JFW-VBK (C.D. Cal.); *Smith v. ResCare*, 3:13-cv-5211 (S.D. W. Va.); *Oliver v. FirstPoint, Inc.*, No. 1:14-cv-517 (M.D.N.C.); *Blocker v. Marshalls of MA, Inc.*, No. 1:14-cv- 01940-ABJ; *Brown v. Lowe's Cos., Inc.*, 5:13-cv-79 (W.D.N.C); *Reese v. Stern & Eisenberg Mid- Atlantic*, 3:16-cv-496-REP (E.D. Va.); *Hayes v. Delbert Servs. Corp.*, No. 3:14-cv-258-JAG (E.D. Va.); *Soutter v.*

*Equifax Info. Servs., LLC*, 3:10-cv-107 (E.D. Va.); *Fariasantos v. Rosenberg & Assocs., LLC*, 3:13-cv-543 (E.D. Va.); *James v. Experian Info. Sols., Inc.*, 3:12-cv-902 (E.D. Va.); *Goodrow v. Friedman & MacFadyen, P.A.*, 3:11-cv-20 (E.D. Va.); *Witt v. CoreLogic SafeRent, LLC*, 3:15-cv-386 (E.D. Va.); *Henderson v. CoreLogic Nat'l Background Data, LLC*, 3:12-cv-97 (E.D. Va.); *Smith v. Sterling Infosystems, Inc.*, 1:16-cv-714 (N.D. Ohio).

17. I have extensive experience litigating class actions in the Eastern District of Virginia. As this Court is well aware, practicing in this district requires an intimate knowledge of the rules and procedures unique to the district. The ABA's Committee on Commercial and Business Litigation advises that the "'Rocket Docket' is a potential trap for the uninitiated" and recommends that "visiting litigants and lawyers alike would be well advised to retain experienced lead or local counsel to help them safely navigate the Rocket Docket." *A Winning Motions Practice in the Rocket Docket*, Vol. 10, No. 4 (Summer 2009). Having practiced in this division and district for over 20 years, and having appeared in over 900 cases in this district, I am well versed in the rules and procedures unique to this district. In addition to the sheer volume of cases I have handled, I have also appeared in numerous complex class action cases brought in this district. *See, e.g.*, *Witt v. CoreLogic SafeRent, LLC*, 3:15-cv-386 (E.D. Va.); *Henderson v. CoreLogic Nat'l Background Data, LLC*, 3:12-cv-97 (E.D. Va.); *Hayes v. Delbert Servs. Corp.*, No. 3:14-cv-258-JAG (E.D. Va.); *Soutter v. Equifax Info. Servs., LLC*, 3:10-cv-107 (E.D. Va.); *Ridenour v. Multi-Color Corp.*, No. 2:15-cv-41-MSD-DEM (E.D. Va.).

18. Regarding the particular claims and area of law at issue here, I have additional, focused expertise. I have been co-lead in multiple, successful actions brought against tribal payday lending schemes as in this case. For example, I was Co-Lead Counsel, and appointed Class Counsel by the Eastern District of Virginia in *Hayes v. Delbert Services Corp.*, No. 3:14-cv-259-JAG (E.D.

Va.). That case, in which the Attorney General of Virginia intervened, alleged similar claims against a group of payday lenders structured in much the same way as Defendants here. Together with the Attorney General, we resolved the claims of 17,000 Virginia consumers who, like Plaintiffs and Class Members here, were victimized by an illegal tribal-lending scheme. The settlement in *Hayes* (1) eliminated all outstanding loans for class members, (2) required the defendants to create a $9.4 million settlement fund for the benefit of class members (attorneys' fees were separately paid by defendants), (3) required the defendants to cease reporting to the Big 3 consumer reporting agencies the status of any loans, (4) released judgments and provide other relief relating to class members' loans, (5) stopped defendants from charging more than 12% interest (the legal limit for interest under Virginia law without a license to lend in the Commonwealth), and (6) initiated new lending practices for defendants to make loans to Virginians. (*See Hayes* Doc. 186 at 4-5). In other words, settlement was a near, total victory for class members.

19. I have also been co-lead in multiple, successful actions brought against other major players in the tribal lending industry. *See Gibbs v. Rees*, Case No. 3:20-cv-717 (E.D. Va.); *Turnage, et al. v. Clarity Services, Inc.,* Case No. 3:14-cv-760 (E.D. Va.); *Pettus, et al. v. The Servicing Company, LLC,* et al., Case No. 3:15-cv-00479 (E.D. Va.); and *Jensen, et al. v. Clarity Services, Inc.,* et al., Case No. 3:16-cv-00312 (E.D. Va.).

20. Craig C. Marchiando, a partner at my Firm, also practices exclusively in the field of consumer protection litigation. He is among the most experienced attorneys in the nation in this highly-specialized field of Fair Credit Reporting Act class action litigation. Mr. Marchiando graduated from South Texas College of Law *cum laude* in 2004, served a one-year appellate clerkship before moving to private practice, and was named a Texas Super Lawyers Rising Star in

7

class action and mass tort litigation in 2013 and 2014. He is licensed to practice in California, Florida, Texas, and Virginia.

21. Mr. Marchiando joined Consumer Litigation Associates in 2015. Since joining CLA, Mr. Marchiando has focused his practice on federal consumer protection law and class actions, representing consumers in cases against banks, mortgage companies, consumer reporting agencies, and debt collectors. He is a member of the National Association of Consumer Advocates and a member in good standing of the bars of multiple federal district and appellate courts. He has represented consumers in more than 100 federal cases, including more than thirty class actions.

22. Kevin A. Dillon, an attorney at my firm, also practices exclusively in the field of consumer protection litigation with a focus on debt collection abuses. Mr. Dillon graduated from Northeastern University School of Law in 2018. Mr. Dillon clerked for the Honorable Justice Cleo E. Powell of the Virginia Supreme Court. He served as a member of Law Review and was a founding member of the Law and Information Society as well as a member of the National Lawyers Guild. He is licensed to practice in Virginia.

23. The primary paralegals that worked for our firm in this case are experienced in the field of consumer protection and the legal field generally. Donna Winters and Vicki Ward Crissman have been legal assistants and then paralegals for more than thirty years each. Both have been with me practically since I began my practice and have deep understanding of class action litigation.

24. As a result of this settlement over 550,000 consumers will receive a benefit, either in the form of cancellation of over $450 million in outstanding debt, removal of derogatory tradelines or repayment of amounts paid in excess of their respective state laws. The monetary payment of $39 million will provide real, meaningful relief for these individuals.

25.     The settlement in this case was hard fought to say the least. It was informed by significant written and third-party discovery, and motions practice that was affirmed by the Fourth Circuit. The robust discovery and litigation allowed the parties to thoroughly investigate and understand the claims and defenses in this litigation.

26.     The settlement itself was obtained after numerous informal settlement exchanges and phone calls, one settlement conferences with United States Magistrate Judge Colombell, and significant settlement work and sessions with private mediator Nancy Lesser.

27.     Given the circumstances and taking into account the risk and expense—and most importantly, delay—of further litigation, the settlement provides significant cash relief for consumers. I endorse the settlement as fair and adequate and would urge the Court to preliminarily approve the settlement.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED: April 25, 2022, Newport News, Virginia

_____
Leonard A. Bennett, Esq.