# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

GEORGE HENGLE, *et al., on behalf of
themselves and all others similarly
situated,*

       Plaintiffs,

    v.          Case No: 3:19-cv-250-DJN

SCOTT ASNER, *et al,*

       Defendants.

<u>**DECLARATION OF KRISTI C. KELLY**</u>

I, Kristi C. Kelly declare:

1. My name is Kristi C. Kelly. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am one of the attorneys working on behalf of Plaintiffs in the above-styled litigation, and I am a founder and a partner of Kelly Guzzo, PLC, a law firm located at 3925 Chain Bridge Road, Suite 202, Fairfax, Virginia 22030. Prior to January 15, 2014, I was an attorney and equity partner at Surovell Isaacs Petersen & Levy, PLC, a nineteen-attorney law firm with offices in Fairfax, Virginia. My primary office was located at 4010 University Drive, Suite 200, Fairfax, Virginia 22030. I also worked for Legal Services of Northern Virginia focusing exclusively on housing and consumer law for approximately three years prior to Surovell Isaacs Petersen & Levy, PLC.

3. Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the Commonwealth of Virginia, where I regularly practice law. Since 2007, I have been and presently am a member in good standing of the Bar of the highest courts of the

District of Columbia and since 2014 of Maryland. I am also admitted in the United States District Courts for the District of Columbia and Maryland.

4.      I have taught numerous Continuing Legal Education programs for other attorneys and for various legal aid organizations, state and local bar associations, and other groups focused on consumer law, such as the National Consumer Law Center, the Consumer Federation of America, the National Council of Higher Education, and the National Association of Consumer Advocates. I have taught courses about mortgage servicing abuses, landlord tenant defense, dealing with debt collectors, credit reporting, defenses to foreclosure, discovery in federal court, resolving cases, and internet lending. I also served as a panelist for the Consumer Financial Protection Bureau and Federal Trade Commission on the issue of credit reporting.

5.      My peers have recognized me as a Super Lawyer and Rising Star consistently for the past ten years. Additionally, I was selected to be a member of the Virginia Lawyers Weekly "Leader in the Law," class of 2014, and Influential Women in the Law, class of 2020. I serve on the Board of Directors for the Legal Aid Justice Center and Virginia Poverty Law Center. I am a former State Chair for Virginia of the National Association of Consumer Advocates and am currently a member of the Partners' Council for the National Consumer Law Center and Board of Directors of the National Association of Consumer Advocates.

6.      I have also been appointed to the Merit Selection Panel for recommendations for the Magistrate Judge vacancies by the United States District Court Eastern District of Virginia, in both the Richmond and Alexandria Divisions.

7.      I have significant experience representing consumers in litigation under the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601, *et seq.*, and in particular the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et*

*seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

8.      My law firm is committed to representing the most vulnerable—and often most overlooked—consumers. We work with various legal aid organizations to help identify areas of need, where our firm can "step up" and meet those needs through class action litigation or pro bono work. Many of these cases seek remedies for credit reporting errors or lending abuses. Kelly Guzzo was the co-recipient of the 2019 Frankie Muse Freeman Organizational Pro Bono Award by the Virginia State Bar Association.

9.      As far back as 2009, I have worked with Virginia's General Assembly to fight predatory loans, including by helping to pass the Payday Loan Act, and more recently by working with various stakeholders to close various perceived loopholes for online loans, including lines of credit. My firm is regularly consulted by legislators, state attorneys general, government actors, national nonprofit organizations, and other private lawyers for assistance and advice on litigating cases in the internet lending sphere.

10.     As far back as 2014, we realized that high-cost online lending was creating problems for many low-income Virginia consumers. In our research and through litigation, we learned that Virginia was a prime target for these predatory loans due to perceived lending loopholes, lack of government enforcement, and high need. Through discovery in our litigation, we learned that despite having just 3.6% of the United States' population, Virginia is routinely in the top five states of outstanding loans and amounts paid. Due to the litigation identified below, however, most high-cost online lenders will no longer take the risk of lending in Virginia.

11.     I have litigated numerous cases related to abusive lending enterprises for violations of usury laws, the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Electronic Fund Transfer Act, and the Racketeer Influenced and Corrupt Organizations Act, many of which

have resulted the in the cancellation of loans, removal of tradelines, and refunds issued to consumers. *See, e.g.*, *Hayes v. Delbert Services Corp.,* No. 3:14-cv-258 (E.D. Va.); *Gillison v Lead Express, Inc.,* No. 3:16-cv-041 (E.D. Va.); *White v. CashCall, Inc.,* No. 3:16-cv-311 (E.D. Va.); *Turner v. ZestFinance, Inc.,* No. 3:19-cv-293 (E.D. Va.)*; Gillam, v. Koetting,* Case No. 3:18-cv-473 (E.D. Va.); *Inscho v. Johnson,* No. 1:17-cv-674 (E.D. Va.)*; Ashford v. Advance 'Til Payday, Inc.,* No. 3:15-cv-735 (E.D. Va.); *Kirksey v. Sky Group USA,* No. 1:17-cv-535 (E.D. Va.)*, Montgomery v. IEG Holdings Corporation,* No. 7:17-cv-180 (W.D. Va.); *Turnage v. Clarity Services, Inc.,* No. 3:14-cv-760 (E.D. Va.); *Pettus v. The Servicing Company, LLC,* No. 3:15-cv-00479 (E.D. Va.); *Turnage v. Fair Dinkum, LLC,* No. 3:15-cv-616 (E.D. Va.); *Jensen v. Clarity Services, Inc.,* No. 3:16-cv-00312 (E.D. Va.); *Jensen v FactorTrust, Inc.,* No. 3:17-cv-00181 (E.D. Va.); *Kirksey v. TrueAccord Corp.,* No. 1:17-cv-1190 (E.D. Va.); *White v. Experian Information Solutions, Inc.,* No. 3:16-cv-310 (E.D. Va.); *White v Chexsystems, Inc.,* No. 1:17-cv-00540 (E.D. Va.); *Hunter v. NHCash.com, LLC,* No. 3:17-cv-00348 (E.D. Va.); *Johnson v. LTF Financial,* No. 3:17-cv-00655 (E.D. Va.); *Wiley v. Jardine,* No. 3:17-cv-011 (E.D. Va.); *Heath v. Trans Union, LLC*, No. 3:18-cv-720 (E.D. Va.); *Williams, et al., v. Big Picture Loans, LLC,* No. 3:17-cv-461 (E.D. Va.)*; Gibbs v. Rees,* No. 3:17-cv-386 (E.D. Va.)*; Gibbs v. Plain Green, LLC,* No. 3:17-cv-495 (E.D. Va.)*; Gilliam v. Riverside Alpha Group, Inc.,* No. 3:17-cv-575 (E.D. Va); *Gilliam v. BB&T,* No. 3:17-cv-722 (E.D. Va.); *Winchell v. Lexis Nexis Risk Solutions FL, Inc.,* No. 3:18-cv-47 (E.D. Va.), in addition to numerous individual cases in state courts and other matters that were resolved without having to file a lawsuit.

12. My firm has litigated hundreds of consumer protection lawsuits in courts across the country. Several courts have recognized Kelly Guzzo's skill in the consumer protection arena. *See, e.g.*, *Campos-Carranza v. Credit Plus, Inc.*, No. 16-cv-120, Final Approval Hr'g Trans. at 5:3-7 (E.D. Va. Feb. 17, 2017) ("I think this is an extremely, as I say, extremely fair, reasonable, and

adequate settlement. Again, the claims – and I think being generous on the time limit for the claims was also appropriate. So I have no difficulty in signing this order."); *Ceccone v. Equifax Info. Servs. LLC*, No. 13-1314, 2016 WL 5107202, at *6 (D.D.C. Aug. 29, 2016) ("Given these qualifications, and in light of Class Counsel's conduct in court and throughout these proceeding, this Court concludes that Class Counsel is qualified to prosecute the interests of this class vigorously."); *Dreher v. Experian Info. Sols., Inc.*, No. 11-00624, 2014 WL 2800766, at *2 (E.D. Va. June 19, 2014) ("Dreher's counsel is well- experienced in the arena of FCRA class action litigation."); *Burke v. Seterus, Inc.*, No. 16-cv-785, Fairness Hr'g Tr. at 9:19-22 (E.D. Va. 2017) ("Experience of counsel on both sides in this case is extraordinary. Ms. Kelly and Ms. Nash and their colleagues are here in this court all the time with these kinds of cases and do a good job on them.").

13.     In each consumer protection class action the Court found me to be adequate class counsel. *See Tsvetovat, v. Segan, Mason, & Mason, PC,* No. 1:12-cv-510 (E.D. Va.); *Conley v. First Tennessee Bank*, No. 1:10-cv-1247 (E.D. Va.); *Dreher v. Experian Information Solutions, Inc.*, No. 3:11-cv-624 (E.D. Va.); *Shami v. Middle East Broadcast Network*, No. 1:13-cv-467 (E.D. Va.); *Goodrow v. Friedman & MacFadyen*, No. 3:11-cv-20 (E.D.Va.); *Kelly v. Nationstar*, No. 3:13-cv-311 (E.D. Va.); *Thomas v. Wittstadt*, Case No. 3:12-cv-450 (E.D. Va.); *Fariasantos v. Rosenberg & Associates, LLC*, No. 3:13-cv-543 (E.D. Va.); *Morgan v. McCabe Weisberg & Conway, LLC,* No. 3:14-cv-695 (E.D. Va.); *Burke v. Shapiro, Brown & Alt, LLP*, No. 3:14-cv-838 (E.D. Va.); *Bartlow v Medical Facilities of America, Inc.,* No. 3:16-cv-573 (E.D. Va.); *Blocker v. Marshalls of MA, Inc.,* Case No. 1:14-cv-1940 (D.D.C.); *Ceccone v. Equifax Info. Servs., LLC*, No. 1:13-cv-1314 (D.D.C.); *Jenkins v. Equifax Info. Servs., LLC*, No. 1:15-cv-443 (E.D. Va.); *Ridenour v. Multi-Color Corporation,* No. 2:15-cv-00041 (E.D. Va.); *Hayes v. Delbert Services Corp.,* No. 3:14-cv-258 (E.D. Va.); *Campos-Carranza v. Credit Plus, Inc.,* No. 1:16-cv-120 (E.D.

Va.); *Jenkins v. Realpage, Inc.*, No. 2:15-cv-1520 (E.D. Pa.); *Kelly v. First Advantage Background Services, Corp.*, No. 3:15-cv-5813 (D.N.J.); *Burke v. Seterus, Inc.,* No. 3:16-cv-785 (E.D. Va.); *Williams v. Corelogic Rental Property Solutions, LLC,* No. 8:16-cv-58 (D. Md.); *Clark v. Trans Union, LLC*, No. 3:15-cv-391 (E.D. Va.); *Clark v. Experian Information Solutions, Inc.*, No. 3:16-cv-32 (E.D. Va.); *Thomas v. Equifax Info. Servs., LLC*, No. 3:18-cv-684 (E.D. Va.); *Heath v. Trans Union, LLC*, No. 3:18-cv-720 (E.D. Va.), *Turner, v.  ZestFinance, Inc.,* No. 3:19-cv-293 (E.D. Va.); *Galloway v. Williams*, No. 3:19-cv-470 (E.D. Va. Dec. 18, 2020); *Gibbs v. TCV V, LP*, No. 3:19-cv-789 (E.D. Va.); *Gibbs v. Rees*, No. 3:20-cv-717 (E.D. Va.); *Pang v. Credit Plus, Inc.,* No. 1:20-cv-122 (D. Md.); *Brown v. RP On-Site, LLC,* No. 1:20-cv-482 (E.D. Va.); and *Brown v. Corelogic Rental Property Solutions, LLC,* No. 3:20-cv-363 (E.D. Va.).

14.      Kelly Guzzo, PLC was aware of this lending enterprise for many years prior to the filing of this lawsuit in 2019. Kelly Guzzo tracked the Consumer Financial Protection Bureau litigation in the Northern District of Illinois since it was filed April 2017. When that litigation was dismissed due to a change in the administration's priorities, Kelly Guzzo began actively working on bringing this litigation. As a result of this settlement more than 550,000 consumers will receive a benefit, either in the form of cancellation of over $450 million in outstanding debt, removal of derogatory tradelines, or repayment of amounts paid in excess of their respective state laws. The $39 million monetary payment will provide real, meaningful relief for these individuals.

15.      The settlement in this case was hard fought to say the least. It was informed by significant written and third-party discovery, and motions practice, including a decision that was affirmed by the Fourth Circuit. The robust discovery and litigation allowed the parties to thoroughly investigate and understand the claims and defenses in this litigation.

16.      The settlement itself was obtained after numerous informal settlement exchanges and phone calls, settlement conferences with United States Magistrate Judge Colombell, and

settlement conferences with private mediator Nancy Lesser, as well as numerous follow ups and exchanges after those mediations.

17.     Given the circumstances and taking into account the risk and expense—and most importantly, delay—of further litigation, the settlement provides significant cash relief for consumers. I endorse the settlement as fair and adequate and would urge the Court to preliminarily approve the settlement.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 25th day of April, 2022.

_____ */s/ Kristi C. Kelly*_____
Kristi C. Kelly