IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GEORGE HENGLE *et al.*,
    Plaintiffs,
    v.                                                Civil No. 3:19cv250 (DJN)

SCOTT ASNER *et al.*,
    Defendant.

**ORDER**
**(Granting Final Approval of Class Action Settlement,**
**Certifying Settlement Class and Entering Final Judgment)**

Plaintiffs George Hengle, Sherry Blackburn, Willie Rose, Elwood Bumbray, Tiffani Myers, Steven Pike, Sue Collins, Lawrence Mwethuku, Regina Nolte, and Jo Ann Falash ("Plaintiffs"), individually and on behalf of the preliminarily certified Settlement Class, have submitted to the Court a Motion for Final Approval of the Settlement Agreement and Final Certification of the Settlement Class ("Final Approval Motion").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on October 21, 2022, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable. Accordingly, it is hereby ORDERED as follows:

    1.    This Final Approval Order incorporates herein and makes a part hereof the

Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement, as submitted to the Court with Plaintiffs' Preliminary Approval Motion.

2. This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and enforcement of the Settlement, the Settlement Agreement, or this Final Order and Judgment.

## CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Settlement Class defined as follows:

> All consumers residing in the United States who executed loan agreements with: (1) Golden Valley Lending, Inc., Silver Cloud Financial, Inc., Majestic Lake Financial, Inc., or prior to February 1, 2021, Mountain Summit Financial, Inc.

4. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23. For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that the Action, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed the above-identified Plaintiffs George Hengle, Sherry Blackburn, Willie Rose, Elwood Bumbray, Tiffani Myers, Steven Pike, Sue Collins, Lawrence Mwethuku, Regina Nolte, and Jo Ann Falash as Class Representatives and hereby reaffirms that appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent Settlement Class Members.

6. In the Preliminary Approval Order, this Court previously appointed the law firms of Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Gupta Wessler, PLLC as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

## CLASS NOTICE

7. The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action and the terms of the Settlement Agreement, their rights to exclude themselves from the Settlement or to object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and the Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members except those who timely opted out, as identified in Exhibit A to this Final Approval Order, are bound by

this Final Approval Order and the Final Judgment. No Settlement Class Members, other than those listed in Exhibit A, are excluded from the Settlement Class, from the terms of the Settlement Agreement, or from the effect of this Final Approval Order and Final Judgment.

### FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10. Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

    a. This Action was complex and time consuming and would have continued to be so through summary judgment and/or trial if it had not settled;

    b. The Defendants deny liability and have indicated their intent to continue to defend the litigation vigorously had it not settled;

    c. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement;

   d. The monetary and injunctive relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction, liability, and damages;

   e. The Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel;

   f. The reaction of the class to the Settlement has been positive, with only 19 consumers timely requesting to opt out and no objections to the Settlement by the September 6, 2022 objection deadline.

  11. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## MONETARY CONSIDERATION AND INJUNCTICE RELIEF

  12. The Court approves the Parties' plan to distribute the Cash Awards provided for by the Settlement Agreement to Settlement Class Members as set forth in the Settlement Agreement.

  13. The Court also approves the agreements reached with respect to injunctive relief, as more particularly set forth in the Settlement Agreement (which shall control in the event of any alleged inconsistency with this Final Approval Order):

   a. The Tribal Officials will cancel (as a disputed debt) all loans originated Golden Valley Lending, Inc., Silver Cloud Financial, Inc., and Majestic Lake Financial, Inc.; as well as all loans originated by Mountain Summit Financial, Inc. prior to February 1, 2021.

   b. The Tribal Officials will not sell, transfer or assign for collection any Outstanding Loans and that it will cease all direct or indirect collection activity on Outstanding Loans;

  c. The Tribal Officials will return any funds inadvertently collected after March 3, 2022;

  d. The Tribal Officials will not sell personal identifying information obtained from Settlement Class Members during the class period to third parties for any commercial purpose.

  e. The Tribal Officials shall contact all consumer reporting agencies to which it previously had reported information regarding any Settlement Class Member and request permanent removal of any negative tradelines previously reported to consumer reporting agencies in the name of Golden Valley Lending, Inc., Silver Cloud Financial, Inc., and Majestic Lake Financial, Inc. regarding loans originated during the class period. A tradeline shall be considered "negative" if it indicates that any payment due was missed.

  14. The relief provided by the Settlement is significant. All Settlement Class Members will receive a financial benefit in the form of a cash payment, tradeline deletion, loan cancellation, or restrictions on the sale of personal identifying information. In addition, the injunctive relief provided by the Settlement to all Settlement Class Members, regardless of their loan status, is significant. Defendants have also agreed not to sell or transfer any remaining unpaid accounts associated with Class Members from the Class Period, to cease all direct or indirect collection activity on Outstanding Loans, not to sell Class Members' personal identifying information obtained during the Class Period to certain third parties, that the loans from the Class Period are disputed debts, and to request removal of negative credit reporting regarding certain loans from the Class Period. These benefits to Class Members have significant value and are not included in the monetary amount payable to the Settlement Fund, but constitute real benefits for Settlement Class Members. Furthermore, Class members will receive these

6

benefits without having to prove any harm or take any affirmative actions. In other words, Class Members will not be required to submit any forms or claims for payment.

## DISMISSAL OF CLAIMS AND RELEASES

15. This Action and all Released Claims of Settlement Class Members are hereby dismissed with prejudice and, except as otherwise provided herein or in the Settlement Agreement, without costs to any party.

16. Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement, the following releases shall be effective:

    a. Each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall have fully, finally, and forever released the Tribal Officials, their predecessors, and their successors, all in their official and individual capacities, and any of their trusts, trustees, heirs, assigns, lenders, insurers, reinsurers, and attorneys, of any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses, and controversies, whether arising under local, state, tribal, foreign, territorial or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown that could have been brought against them by Settlement Class Members related in any way to loans executed with

Golden Valley Lending, Inc., Silver Cloud Financial, Inc., Majestic Lake Financial, Inc., or prior to February 1, 2021, Mountain Summit Financial, Inc. .

        b.      Each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Final Judgment and the Settlement Agreement shall have, fully, finally, and forever released and discharged Landy, Joshus S. Landy Revocable Trust, Joshua Landy Family Irrevocable Trust, Oceanside Breeze Holdings, LLC, Creative Hills Holdings, LLC, and Sunny Ridge Financial, LLC, individually and to the extent of their interests (directly or indirectly held) in any entity associated in any way with the four aforementioned loan companies (Golden Valley Lending, Inc., Silver Cloud Financial, Inc., Majestic Lake Financial, Inc., or Mountain Summit Financial, Inc.), and each of their parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, reorganized successors, current and former owners, members (including, but not limited to, member funds), directors, officers, trusts, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, heirs, assigns, agents, lenders, insurers, reinsurers, and attorneys, from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses, and controversies whether arising under local, state, tribal, foreign, territorial, or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or

unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action.

   c. Each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Final Judgment and the Settlement Agreement shall have, fully, finally, and forever released and discharged Asner, Gortenburg, AG613, LLC, SIA Oil, LLC, Asner Family Holdings, LLC, Yukel Holdings, LLC, individually and to the extent of their interests (directly or indirectly held) in any entity associated in any way with the four aforementioned loan companies (Golden Valley Lending, Inc., Silver Cloud Financial, Inc., Majestic Lake Financial, Inc., or Mountain Summit Financial, Inc.), and each of their parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, reorganized successors, current and former owners, members (including, but not limited to, member funds), directors, officers, trusts, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, heirs, assigns, agents, lenders, insurers, reinsurers, and attorneys, from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses, and controversies, whether arising under local, state, tribal, foreign, territorial, or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort,

common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or unmatured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action.

        d.      Each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Final Judgment and the Settlement Agreement shall have, fully, finally, and forever released and discharged David Vittor and the David J. Vittor Trust, individually and to the extent of their interests (directly or indirectly held) in any entity associated in any way with the four aforementioned loan companies (Golden Valley Lending, Inc., Silver Cloud Financial, Inc., Majestic Lake Financial, Inc., or Mountain Summit Financial, Inc.), and each of their parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, reorganized successors, current and former owners, members (including, but not limited to, member funds), directors, officers, trusts, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, heirs, assigns, agents, lenders, insurers, reinsurers, and attorneys, from any and all rights, duties, obligations, demands, actions, causes of action, liabilities, claims, grievances, suits, losses, damages, costs, fees, expenses, and controversies, whether arising under local, state, tribal, foreign, territorial, or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices

laws) or equity, whether by constitution, statute, rule, regulation, any regulatory promulgation, contract, tort, common law, or any other theory of action, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, matured or un-matured, contingent or fixed, accrued or unaccrued, punitive or compensatory, choate or inchoate, liquidated or unliquidated, based on any fact known or unknown, including without limitation those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Action, as well as *Sherry Blackburn, et al. v. A.C. Israel Enterprises, Inc., et al.*, No. 3:22-cv-146 (E.D. Va.).

      e.    As agreed in § 4.1(e) of the Settlement Agreement, none of the releases apply or shall be construed to release any claims or causes of action against A.C. Israel Enterprises, Inc., Richard Investors, LLC, Greg Warner, Ferrell Capital, LLC, Seville, Ltd., Monu Joseph, Joseph Investment, LLC, E Opportunities, LLC, Skye, LLC, Cabbage City, LLC, Kai Investments, LLC, Benjamin Gravley, Signal Light, LLC, Hymken, LP, George Kellner, Kellner Capital, LP, Jay Pack, Jeff Weiner, Amit Raizada, Spectrum Business Ventures, Raizada Group or any investor or shareholder in any of these entities, other than the individuals and entities released herein and in the Settlement Agreement.

## AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

      17.    At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). Pursuant to the Settlement Agreement Class Counsel may request reasonable attorneys' fees and reimbursement of costs to be paid from the Fund, provided that the total amount of such request does not exceed one third of the Fund provided to Settlement Class Members under the Settlement Agreement.

18. Because this is a common-fund case, it is appropriate to employ a percentage of the fund method for calculating a proper fee award. When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys' fees based on the benefit obtained. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). *See, e.g., Milbourne v. JRK Residential America, LLC*, No. 3:12-cv-861-REP (ED. Va. Jan. 4, 2017) (Doc. 324); *Mayfield v. Memberstrust Credit Union*, 3:07-cv-506-REP (E.D. Va. Nov. 7, 2008) (Doc. 22); *Conley v. First Tennessee*, 1:10-cv-1247-JFA (E.D. Va. Aug. 18, 2011) (Doc. 37); *Lengrand v. Wellpoint*, No. 3:11-cv-333-HEH (E.D. Va. Nov. 13, 2012) (Doc. 42).

19. No Class Member or Government entity has objected to Class Counsel's request.

20. The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of and opposition to Class Counsel's request for attorneys' fees and reimbursement of costs, approves the award of attorneys' fees and reimbursement of costs to Class Counsel in the amount of $13,000,000.00 ("Fee and Expense Award"). The Court finds that the Fee and Expense Award is reasonable and appropriate under all of the circumstances presented.

21. The Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Fund, provided such awards do not exceed $10,000 to each Class Representative.

22. Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation. *See, e.g., Manuel v. Wells Fargo Bank*, No. 3:14-cv-238 (DJN), 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk

undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general"). Here, the Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. *See, e.g., id.* (approving $10,000 service award); *Ryals, Jr. v. HireRight Solutions, Inc.*, No. 3:09-cv-625 (JAG) (E.D. Va. Dec. 22, 2011) (awarding $10,000 service awards to each class representative). Moreover, these Service Awards are justified by the time and effort expended by the Class Representatives on behalf of the Settlement Class Members and the risk each assumed in bringing this action. Accordingly, the Court finds that each of the Class Representatives, George Hengle, Sherry Blackburn, Willie Rose, Elwood Bumbray, Tiffani Myers, Steven Pike, Sue Collins and Lawrence Mwethuku shall be awarded $10,000 for their efforts, to be paid from the Fund.

23. The Court further notes that the percentage of requested attorneys' fees and reimbursement of costs and the dollar amount of the Service Awards was included in the notice materials disseminated to the Settlement Class.

24. The award of attorneys' fees and costs and Service Awards shall be paid by the Defendants from the Fund as agreed in § 3.4(b)(iii) of the Settlement Agreement.

25. The Parties' distribution plan of payments to the Class Members in *pro rata* allocations of the Settlement Fund, following the above approved deductions, is approved for implementation. Should funds remain after all distributions are made, and the check negotiation period provided for in the Settlement Agreement has passed, the *cy pres* recipient, Feed More, a nonprofit organization, is approved for receiving such balance.

## OTHER PROVISIONS

26. The Court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Order and Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Order, or the Final Judgment (including, whether a person or entity is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

27. Without affecting the finality of this Final Order or the Final Judgment, the Defendants, each Settlement Class Member, and the Class Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

28. The Parties are hereby directed to carry out their obligations under the Settlement

Agreement.

29. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

30. In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Final Judgment, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

31. This Final Approval Order and Final Judgment is final for purposes of appeal and may be appealed immediately.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: October 24, 2022